No. 18278—C. W. Filliken v. Jacob Heddesheimer, Admr. Error to the Court of Appeals of Summit County.

**ABORTION—Administrator of woman who died from may recover damages from performer of the wrongful act, although she consented thereto.**

MATTHIAS, J.

1. The general rule that one may not recover for injuries resulting from an act to which he had consented does not apply when the public peace or the life of a participant in the wrongful act is involved.

2. An action to recover damages from one who performed an illegal operation to produce an abortion may be maintained by the administrator of a woman whose death resulted from such wrongful act, even though she consented thereto. (Barholt v. Wright, 45 Ohio St. 177, approved and followed.)

Judgment affirmed.

Marshall, C. J., Day and Allen, JJ., concur. Wanamaker, J., not participating.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

No. 351

OREN D. BECKER, Exr., v. EDWIN FISHER et al

No. 18385. Ohio Supreme Court

On motion to certify, docketed Feb. 14, 1924, 2 Abs. 147.

Error to Clinton County Appeals

1271. **WILLS—Incapable of construction and execution, and void—Attorney fees.**

The defendant in error, Fisher, served a notice on Beck and Charles S. Fisher, executors of Sarah E. Haws, requesting them to institute action praying for a judicial determination of "the meaning of the several clauses" contained in the will of Haws, and pursuant thereto the said executors asked the Court of Common Pleas of Clinton County to give direction and judgment in regard to the true construction of all uncertain clauses of the will, and as to "what plaintiff's duties are in the premises," and for all other proper orders and relief.

The heirs at law and next of kin of Haws, parties defendant, filed their answer, praying that Item 5 of the original will and as modified by the first codicil thereof, be declared vague, indefinite, uncertain, incapable of construction and execution, and the entire part of the first codicil modifying Item 5 be declared void and of no effect; and that the residue of the estate pass as intestate property. Item 5 of the will and Item 5 of the codicil involved are as follows:

"Item 5. I give, devise and bequeath all the rest, residue and remainder of my estate to Oren D. Becker or someone I may appoint in his stead, to hold without bond and to distribute as I have given instructions."

(The Codicil). Item 5 of my will I desire to be more explicit. I give to my executor, Oren D. Becker, the remainder and residue of my estate to hold in trust, to be invested by him and to be used to perpetuate my name and interest in the Haws Methodist Episcopal Church and to assist needy and worthy causes and persons as he understands my wishes and practice to be while living, and at his death if there still be a residue or remainder of my estate, it shall go to the Elizabeth Gamble Home Assn., etc., for the purpose of endowing a Haws Free Bed in Christ's Hospital for the sick and suffering.

The Common Pleas judge found that Item 5, and such part of Item 5 of the codicil as modified it, were too indefinite and uncertain to permit of execution, and that the attempted bequest of the residuum fails and passes it to the next of kin. Becker as executor appealed, and after a hearing of the case in the Court of Appeals, judgment and finding in that court was made identical with that of the court below.

The question was raised as to the right of counsel for the executor, Becker, trustee, or individual parties, to compensation for services alleged to have been rendered by their attorneys in an effort to sustain the trust relation.

Motion to certify sustained, May 27, 1924. 2 Abs. 373. The case will thus be heard in the Supreme Court.

Attorneys—A. K. Nippert and Raymond Ratcliff, Cincinnati, and Swain & Swain, Wilmington, for plaintiffs; Smith, Rogers & Smith, Wilmington, for defendants.